IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
Mar 11 2008
MAR 1 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JANELLE GEDMIN, | ) |
| Plaintiff, | ) Case No. 08 C 337 |
| and | ) Judge St. Eve |
| | ) Magistrate Judge Mason |
| NORTH AMERICAN SAFETY PRODUCTS, INC. | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## ANSWER

**NOW COMES** Defendant **NORTH AMERICAN SAFETY PRODUCTS, INC.**, by and through it's attorney, **THOMAS P. POLACEK** of the firm **McNAMARA PHELAN McSTEEN, LLC**, and for it's Answer to the Complaint for Damages for Violations of 42 U.S.C.§2000e *et seq.* (Title VII) states:

### INTRODUCTION

1. Defendant admits that Janelle Gedmin is a woman, and was employed by North American Safety Products, Inc. for approximately nine years. Defendant denies all other allegations set forth in Paragraph 1 of the Complaint.

### PARTIES

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

1

## JURISDICTION

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

## VENUE

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

## FACTS

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits that during the October, 1999 business trip to New Orleans, respondent Mobeck commented that complainant looked "hot." Respondent denies each and every other allegation set forth in Paragraph 10 of the Complaint.

11. Defendant admits that complainant notified respondent Mobeck of her intention to terminate her employment with respondent NASP upon their return from the New Orleans business trip. Defendant denies each and every other allegation set forth in Paragraph 11.

12. Defendant denies each and every allegation set forth in Paragraph 12.

13. Defendant admits that complainant rescinded her notice of resignation following a conversation with respondent Mobeck. Defendant denies each and every other allegation set forth in Paragraph 13.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the alllegations set forth in Paragraph 15 of the Complaint, and states that, by the fall of 2005, Complainant's annual salary had increased to $68,900.00, plus additional compensation from commissions. In addition, Defendant admits that, as

part of her compensation package, Plaintiff received health coverage for herself and her son.

16. Defendant does not possess sufficient information to admit or deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits that, in May, 2005 Mobeck stated to Plaintiff that he was "madly in love" with her. Defendant denies each and every other allegation set forth in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint.

19. Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits that Mobeck hugged Plaintiff on a number of occasions, and admits that he kissed her neck on one occasion. Defendant denies each and every other allegation set forth in Paragraph 21 of the Complaint.

22. Defendant admits that, on one occasion Mobeck slightly touched Plaintiff's buttocks. Defendant denies each and every other allegation set forth in Paragraph 22.

23. Defendant admits that Mobeck did attend a number of Plaintiff's son's sporting events at her invitation. Defendant denies each and every other allegation set forth in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint.

25. Defendant admits that Mobeck did invite Plaintiff to join him for a weekend trip to Florida in September, 2005. Defendant denies each and every other allegation set forth in Paragraph 25.

26. Defendant admits that Mobeck did initiate an online inquiry about potential replacements for Plaintiff, after he was informed by other NASP employees that she was seeking other employment.

27. Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff's change in pay status did result in a reduction of overall compensation. Defendant denies each and every other allegation set forth in Paragraph 28 of the Complaint.

29. Defendant admits the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff refused to undergo a drug screen, and that no other NASP employee had previously been requested to undergo a drug screen. Defendant denies each and every other allegation set forth in Paragraph 30.

31. Defendant admits that Mobeck did present a gift of emerald jewelry to Plaintiff. Defendant does not have sufficient evidence to admit or deny the value of the gift.

32. Defendant admits that Plaintiff returned the gift of emerald jewelry a few days later. Defendant denies each and every other allegation set forth in Paragraph 32 of the Complaint.

33. Defendant admits that Mobeck was insulted by the return of the gift and did again attempt to give the emerald jewelry to Complainant. Defendant denies each and every other allegation set forth in Paragraph 33 of the Complaint.

34. Defendant denies that Plaintiff's acceptance of the gift of emerald jewelry was connected in any way to Plaintiff's continued employment with Defendant.

35. Defendant admits that Plaintiff entered into a conversation with Peter Andrews on or about December 30, 2005 relating to the nature of her relationship with Mobeck. Defendant denies each and every other allegation set forth in Paragraph 35 of the Complaint.

36. Defendant admits that Peter Andrews offered to speak to Mobeck regarding the situation during their conversation. However, Plaintiff informed Mr. Andrews that such conversation would not be necessary.

37. Defendant denies that Plaintiff ever earned an annual salary in the amount of $76,748.00.

38. Defendant admits that Andrews did not "investigate" Plaintiff's "complaints" regarding her relationship with Mobeck, based upon her expressed requests that he not speak to Mobeck.

39. Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

40. Defendant admits the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

43. Defendant admits that on February 14, 2006, Mobeck gave Plaintiff an inexpensive red necklace. Defendant denies each and every other allegation set forth in Paragraph 43 of the Complaint.

44. Defendant possesses insufficient evidence to admit or deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant admits that Plaintiff departed work with her mother at approximately 1:00 p.m. on February 23, 2006.

46. Defendant possesses insufficient information to admit or deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant admits that Mobeck called Plaintiff on Friday February 24, 2006 to inquire as to her health. Defendant denies each and every other allegation set forth in Paragraph 47 of the Complaint.

48. Defendant admits that Respondent Mobeck requested Plaintiff to come into work on Saturday to run a credit card, and Defendant admits that Plaintiff did not come in on that date to assist Mobeck. Defendant denies each and every other allegation set forth in Paragraph 48 of the Complaint.

49. Defendant possesses insufficient information to admit or deny the allegation set forth in Paragraph 49 of the Complaint.

50. Defendant admits that Plaintiff failed to come to work on Monday February 28, 2006 until after her allotted start time. Defendant possesses insufficient information to admit or deny the remaining allegations set forth in Paragraph 50 of the Complaint.

51. Defendant admits at the conclusion of work on February 28, 2006, Mobeck approached Plaintiff to discuss her failure to come to work on Saturday, as requested.

52. Defendant denies each and every allegation set forth in Paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff told Mobeck she did not want to talk about her personal life. Defendant denies each and every other allegation set forth in Paragraph 53 of the Complaint.

54. Defendant admits Mobeck did accuse Plaintiff of lying to him about her health status on Saturday. Defendant denies each and every other allegation set forth in Paragraph 54.

55. Defendant admits that Plaintiff left the building in a very angry mood. Defendant possesses insufficient information to admit or deny the remaining allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation set forth in Paragraph 56 of the Complaint.

57. Defendant admits the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant admits the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies each and every allegation set forth in Paragraph 59 of the Complaint.

## COUNT I

60. See prior responses.

61. Defendant denies each and every allegation set forth in Paragraph 61 of the Complaint.

**WHEREFORE**, Defendant prays this Honorable Court dismiss Count I of Plaintiff's Complaint with prejudice at Plaintiff's costs, and for such other relief as the Court deems just and appropriate.

## COUNT II

62. See prior responses.

63. Defendant denies each and every allegation set forth in Paragraph 63 of the Complaint.

64. Defendant denies each and every allegation set forth in Paragraph 64 of the Complaint.

65. Defendant denies each and every allegation set forth in Paragraph 65 of the Complaint.

66. Defendant denies each and every allegation set forth in Paragraph 66 of the Complaint.

**WHEREFORE**, Defendant prays this Honorable Court dismiss Count II of Plaintiff's Complaint with prejudice at Plaintiff's costs, and for such other relief as the Court deems just and appropriate.

## COUNT III

67. See prior responses.

68. Defendant denies each and every allegation set forth in Paragraph 68 of the Complaint.

69. Defendant denies each and every allegation set forth in Paragraph 69 of the Complaint.

70.     Defendant denies each and every allegation set forth in Paragraph 70 of the Complaint.

71.     Defendant denies each and every allegation set forth in Paragraph 71 of the Complaint.

**WHEREFORE**, Defendant, prays this Honorable Court dismiss Count III of Plaintiff's Complaint with prejudice at Plaintiff's costs, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,<br>
North American Safety Products, Inc.,<br><br>
By _____<br>
**THOMAS P. POLACEK**<br>
Attorney for Defendant

**McNAMARA PHELAN McSTEEN, LLC**
Illinois ARDC No.: 06217317
116 N. Chicago Street, Suite 204
Joliet, Illinois 60432
815-727-0100
815-725-0055 (facsimile)