IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANELLE GEDMIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 08 C 337 |
| | ) |
| NORTH AMERICAN SAFETY | ) Judge St, Eve |
| PRODUCTS, INC. | ) |
| | ) Magistrate Judge Mason |
| Defendant. | ) |

FILED
MAR 17 2008
Mar 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:  Karen Doran, Esq.
DoranMedina, LLC
2625 Butterfield Road, Suite 138S
Oak Brook, IL 60523

PLEASE BE ADVISED THAT we have cause to be filed on this 12th day of March, 2008, with the Clerk of the U.S. District Court, of the Northern District of Illinois, Eastern Division, at 219 S. Dearborn, Chicago, Illinois the following document: **Plaintiff's Initial Disclosure Pursuant to Rule 26(a)(1)**, a copy of which is attached hereto.

McNAMARA PHELAN McSTEEN, LLC

By: _____
THOMAS P. POLACEK

Illinois ARDC No. 06217317
McNAMARA PHELAN McSTEEN, LLC
Attorneys at Law
116 N. Chicago St., Suite 204
Joliet, IL 60432
Phone (815) 727-0100
Facsimile (815) 722-0055

1

## PROOF OF SERVICE

The undersigned, a non-attorney, certifies that she mailed a copy of the above Notice upon the above named by enclosing same in an envelope, each plainly addressed as shown above, postage fully prepaid and by depositing said envelope in a U.S. Post Office Box in Joliet, Illinois, on the 12th day of March, 2008 before 5:00 p.m.

SUBSCRIBED and SWORN to before me
this 12th day of March, 2008.

*Sarah A. Matalas*
NOTARY PUBLIC

"OFFICIAL SEAL"
SARAH A. MATALAS
Notary Public, State of Illinois
My Commission Expires 04/18/10

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
Mar 17, 2008
MAR 1 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JANELLE GEDMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 08 C 337 |
| ) | |
| NORTH AMERICAN SAFETY ) | Judge St, Eve |
| PRODUCTS, INC. ) | |
| ) | Magistrate Judge Mason |
| Defendant. ) | |

**PLAINTIFF'S INITIAL DISCLOSURE
PURSUANT TO RULE 26(a)(1)**

NOW COMES Defendant, NORTH AMERICAN SAFETY PRODUCTS, INC., (hereinafter "NASP"), by and through its attorney, **THOMAS P. POLACEK,** of the law firm of **McNAMARA PHELAN McSTEEN, LLC,** and for its Initial Disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, states the following:

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information:**

JANELLE GEDMIN: Plaintiff

MARTIN MOBECK: President, North American Safety Products, Inc.
    9233 Gulfstream Road
    Frankfort, IL 60423
    (815) 469-2131
    Has information relating to Plaintiff's employment history, compensation, personal relationship with him, and circumstances surrounding her resignation from employment with NASP.

PETER ANDREWS: Former Chairman, North American Safety Products, Inc.
    144 S. Roxbury Dr.
    Apt. 2
    Beverly Hills, CA 90212

1

Has information relating to Plaintiff's employment history, compensation, personal relationship and/or complaints regarding Martin Mobeck, and circumstances surrounding her resignation from employment with NASP.

PATRICIA MIRELES: Employee, North American Safety Products, Inc.
22637 Pleasant Drive
Unit 4
Richton Park, IL  60471
Has information relating to Plaintiff's employment history and circumstances surrounding her resignation from employment with NASP.

CYNTHIA M. RUZON: Customer Service Representative, North American Safety Products, Inc.
29642 South Cedar Road
Manhattan, IL  60442
Has information relating to Plaintiff's employment history and circumstances surrounding her resignation from employment with NASP.

**2. A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings:**

North American Safety Products, Inc. company postings.

North American Safety Products, Inc. memoranda.

North American Safety Products, Inc. memoranda regarding employees' work hours, including but not limited to clocking/punching in and out.

Plaintiff's Commission Report, Salary/Wage history, Medical/Dental Insurance coverage documents, and Company stock record.

Various e-mails, one ecard, one letter dated 12-10-05, and a note/support list requested by Ms. Gedmin from Mr. Mobeck when she was hospitalized in Feb. 2006.

Various e-mails, two greeting cards, and letter to Mr. Andrews and Mr. Mobeck on June 10, 2005 accepting a seat on the company's Board of Directors.

Copies of gift checks, and list of Medical Co-Op payments the company paid to Ms. Gedmin from Oct.21, 2005 through Feb. 20, 2006.

Mr. Mobeck's initial response to the IDES Administrative Law Judge detailing the exact events leading up to Ms. Gedmin's voluntary employment termination.

Statement submitted by Mr. Andrews concerning the telephone discussion on Dec. 29, 2005 with Ms. Gedmin to IL Department of Human Rights contained in the Respondents first reply to the Complaint.

Statement prepared on Mar. 8, 2005 by Ms. Patricia Mireles describing the events a week following Ms. Gedmin's voluntary employment termination

Ms. Gedmin's attendance record during the relevant time period

Letter Ms. Gedmin e-mailed to Mr. Andrews shortly after her voluntary employment termination demanding a Termination Settlement.

Copy of personal loan by Mr. Mobeck to Ms. Gedmin signed on November 4, 2005

Job description of Complainant.

Personnel file of Complainant.

All documents provided to counsel for Plaintiff via discovery responses in Illinois Human Rights Case No. 2006 CF3258.

**3. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Not applicable.

**4. For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

None.

Respectfully Submitted,

McNAMARA PHELAN McSTEEN, LLC

By: _____
THOMAS P. POLACEK

Illinois ARDC No. 06217317
McNAMARA PHELAN McSTEEN, LLC
Attorneys at Law
116 N. Chicago St., Suite 204
Joliet, IL 60432
Phone (815) 727-0100
Facsimile (815) 722-0055